UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| BARBARA J. BENOIT,<br><br>                    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>                    Defendant. | CASE NO. 07-CV-0737 DMS (AJB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION AND PETITION FOR AN AWARD OF ATTORNEY'S FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412**<br><br>[Doc. 21, 25, 27] |
|---|---|

    Plaintiff Barbara J. Benoit appealed the decision by the Commissioner of Social Security ("Commissioner"), denying her application for supplemental security income (SSI) benefits based on disability under Title XVI of the Social Security Act. On January 31, 2008, this Court ruled on parties' cross motions for summary judgment, remanding the case for further administrative action pursuant to Sentence 4 of 42 U.S.C.§ 405 (g) (Doc. 20). The Clerk of the Court did not enter a final judgment.

    Pending before the Court is Plaintiff's motion and petition for an award of attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, which was filed on November 18, 2008. (Doc. 21.) Defendant opposed and Plaintiff replied. (Docs. 22, 24.) For the reasons discussed below, Plaintiff's application is DENIED as untimely.

# I.

# LEGAL STANDARD

The EAJA allows a party opposing the United States in a civil action to recover costs and fees; it provides, in relevant part, as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). "A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses." *Id.* at § 2412(d)(1)(B) (emphasis added). For purposes of this subsection "'final judgment' means a judgment that is final and not appealable, and includes an order of settlement." *Id.* at § 2412(d)(2)(G).

# II.

# DISCUSSION

The parties agree that the Court's January 31, 2008 order must be construed as an order of remand pursuant to the fourth sentence of 42 U.S.C. § 405(g). "A remand under sentence four is essentially a determination that the agency erred in some respect in reaching a decision to deny benefits . . . ." *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 605 (9th Cir. 2007). "A sentence four remand becomes a final judgment, for purposes of attorney's fees claims brought pursuant to the EAJA . . . upon expiration of the time for appeal." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002), citing *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993).

A judgment is entered, for purposes of the Federal Rules, "when the judgment is entered in the civil docket" and the earlier of the following events occurs: (1) the judgment is set out in a separate document or (2) 150 days have run from the entry of the judgment in the civil docket. Fed. R. Civ. P. 58(c)(2). Therefore, judgment was entered, pursuant to Rule 58, 150 days after entry of the January 31, 2008 Order, or June 30, 2008. *See* Fed. R. Civ. P. 6(a)(3) (providing that the last day of any time period governing the filing of motion papers cannot end on a Saturday, Sunday, or legal holiday). The time for filing a notice of appeal, when an agency of the United States is a party, is within 60 days

after judgment is entered. Fed. R. App. P. 4(a)(1)(B).  Thus, the judgment became "final and not appealable" on August 29, 2008.  The 30 day time frame under the EAJA for Plaintiff to file her application for attorney's fees began to run upon expiration of the 60 day appeal period, and ended on September 28, 2008. *See* 28 U.S.C. § 2412(d)(1)(B); *see also* Fed. R. Civ. P. 6(a)(3).  Because Plaintiff did not file her application for attorney's fees until November 18, 2008, the Court finds that the application was not timely filed under the EAJA.  Although the thirty-day time period is not jurisdictional, *Scarborough v. Principi*, 541 U.S. 401, 413-14, 124 S. Ct. 1856, 158 L. Ed. 2d 674 (2004),  the time limits for submitting EAJA fee applications are strictly construed because the EAJA waived sovereign immunity. *Arulampalam v. Gonzales*, 399 F.3d 1087, 1089 (9th Cir. 2005).  Untimeliness alone requires denial of the application. *Id.* at 1090.

Plaintiff argues in her Reply that her application is not untimely because equitable tolling applies under the specific facts of this case . (Reply at 3.)  She cites authority from other Circuits in support: *Luna v. Dept. of Health and Human Services,* 948 F.3d 169 (5th Cir. 1991) and *Townsend v. Commissioner of Social Security,* 415 F.3d 578 (6th Cir. 2005).  Plaintiff advances the following as grounds for tolling: (1) confusion created by the Court's failure to enter judgment on a separate document and the Court of Clerk's refusal to enter a judgment, (Reply at 4-5); (2) the parties' good faith settlement negotiations on the matter of EAJA fees, (*Id.* at 5); (3) Defendant's purported waiver of an untimeliness argument,[1] (*Id.* at 6); and (4) Plaintiff's success in this litigation, (*Id.* at 8).

Generally, equitable tolling "focuses on a plaintiff's excusable ignorance and lack of prejudice to the defendant." *Leong v. Potter*, 347 F.3d 1117, 1123 (9th Cir.2003).  Plaintiff bears the burden of showing that an affirmative misrepresentation or affirmative concealment of a material fact by the government somehow prevented or made impossible the filing of a timely complaint, and that the plaintiff neither knew nor reasonably should have known the material facts. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95-96 (1990) (equitable tolling is permitted where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period or

---

[1] Defendant has filed an ex parte application for leave to file a surreply to respond to this argument. (Doc. 25-26.)  Plaintiff has filed an objection to the proposed surreply with an application for an award for fees relating to the preparation of Plaintiff's objection. (Doc. 27.)  In light of the Court's conclusion, both applications are DENIED as moot.

1  where the complainant has been induced or tricked by the adversary's misconduct in allowing the filing
2  deadline to pass, but not where the claimant failed to exercise due diligence or where the
3  circumstances involved at best a garden variety claim of excusable neglect).

4  Assuming that equitable tolling is available to untimely filed EAJA fee petitions, Plaintiff fails
5  to meet her burden. The Ninth Circuit has stated, in dicta, that a government lawyer's "assurance that
6  the statute of limitations would be tolled or that the government would forego a statute of limitations
7  defense" may amount to government action preventing timely filing. *See Lehman v. United States*, 154
8  F.3d 1010, 1016 (9th Cir. 1998) (Federal Tort Claims Act claim). Plaintiff argues that the government
9  represented it would forego a statute of limitations defense. However, Plaintiff's counsel had reason
10 to know by September 8, 2008 – 20 days prior to the filing deadline expiration – that the government
11 might assert such a defense. *See Hadrick v. Astrue,* No. 6-CV-1084 LAB (JMA) (S.D. Cal. Sep. 8,
12 2008) (denying contested EAJA fee petition filed by Plaintiff's counsel as untimely). Moreover,
13 Plaintiff has not shown why the government would not be prejudiced by her petition. The remaining
14 grounds raised by the Plaintiff do not support equitable tolling. *See Garcia v. Brockway*, 503 F.3d
15 1092, 1101 (9th Cir. 2007) ("Fairness, without more, is not sufficient justification to invoke equitable
16 tolling.").

17 Accordingly, Plaintiff's fee petition is DENIED.

18 **IT IS SO ORDERED.**

19 DATED: December 29, 2008

20 _____
21 HON. DANA M. SABRAW
    United States District Judge